Ellen D. BUCHANAN, Donna M. Glaser, and Judith A. Brennan, Individually and as Representatives of a Class, Plaintiffs,

v.

Eugene DOODY, Individually as He is Director of the Division of Employment Security, Defendant.

Civ. A. No. 82–0067–C.

United States District Court, D. Massachusetts.

Sept. 30, 1983.

Matthew E. Dwyer, Grady, Dumont & Dwyer, Boston, Mass., for plaintiffs.

E. Michael Sloman, Asst. Atty. Gen., Boston, Mass., for defendant.

MEMORANDUM AND ORDER

CAFFREY, Chief Judge.

This is a class action challenging the decision of the Director of the Massachusetts Division of Employment Security ("DES") to deny unemployment compensation benefits to plaintiffs. Plaintiffs Ellen D. Buchanan, Donna M. Glaser, and Judith A. Brennan allege that denial of benefits in this case constitutes a violation of 26 U.S.C. § 3304(a)(12), the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution, and the Equal Rights Amendment to the Massachusetts Constitution.

Plaintiffs were at all relevant times employed as tenured school teachers by the Boston School Committee ("School Committee"). Between 1978 and 1980, all three became pregnant and were granted maternity leaves of absence. The contract between the Boston Teachers Union and the School Committee ("BTU contract") allows

a teacher up to 18 months unpaid maternity leave of absence. BTU contract, Article IV, § 8(g).[1] Plaintiff Buchanan was granted an unpaid maternity leave of absence from July 1, 1980, until May 12, 1981, when she returned to work. Plaintiff Glaser was granted an unpaid maternity leave from November 30, 1978, to August 31, 1981, and beyond.[2] Plaintiff Brennan was granted an unpaid maternity leave from January 1979 to August 31, 1981.

All three women were "involuntarily separated" from their teaching positions effective September 1, 1981, because the School Committee was no longer able to fund the positions. Plaintiffs then filed claims for unemployment compensation benefits with DES.

To be eligible for unemployment benefits, a claimant (1) must have been paid wages during the "base period" amounting to at least thirty times the weekly benefit rate, but not less than twelve hundred dollars; (2) must be capable of and available for work and unable to obtain work in her usual occupation or any other occupation for which she is reasonably fitted; and (3) must have notified DES of the unemployment by registering in a public employment office. Mass.G.L. c. 151A, § 24. The "base period" is the period of "fifty-two consecutive calendar weeks ending with the day immediately preceding the first day of a claimant's benefit year." *Id.* § 1(a).

Because plaintiffs had taken their maternity leaves of absence, they had not earned the requisite salary during their respective base years to qualify for unemployment benefits. Defendant Director of DES denied their applications and the DES Review Board, Mass.G.L. c. 23, § 9N(b), upheld the defendant's decision, rendering it the final decision of the DES, subject under state law to appeal in state courts.

Plaintiffs brought suit in this Court alleging that application of the base period earnings requirement in this case constituted a violation of the Federal Unemployment Tax Act, 26 U.S.C. § 3301 *et seq.,* and of the Due Process and Equal Protection clauses of the Fourteenth Amendment.

In addition, they alleged that it violated the Massachusetts Equal Rights Amendment, Article 106 of Amendments to the Constitution of the Commonwealth, ("Equal Rights Amendment"), arguing specifically that the base period earnings requirement has a disparate impact on female employees because it denies them unemployment benefits on the basis of pregnancy. Defendants, in their answer, requested that this Court abstain from deciding the federal claims and allow the parties first to seek relief under the state law claims in state court.

A federal court should abstain from deciding a federal constitutional claim when a "federal constitutional issue ... might be mooted or presented in a different posture by a state court determination of pertinent state law." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), quoting *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d

---

1. Specifically, § 8(g) provides:

   (2) Any teacher shall be eligible to use accumulated sick leave for disability caused by pregnancy or childbirth and recovery therefrom . . .

   (3) Any teacher who is pregnant shall, upon request, be given a maternity leave of absence without pay; provided, that a teacher shall be eligible to use accumulated sick leave for such portion of the maternity leave of absence for which her physician certifies that she was not in fit condition for service due to disability caused by pregnancy or childbirth and recovery therefrom. . . .

   (6) The teacher, after delivery or if the pregnancy is of shorter duration than expected,

   may be permitted by the Superintendent to return to work at any time. She shall, however, be permitted to return to work upon notifying, in writing, no less than two weeks in advance of her return, the Superintendent and her principal . . . .

   (7) No maternity leave of absence combined with any sick leave for disability caused by pregnancy or childbirth and recovery therefrom shall exceed eighteen months . . .

2. Plaintiff Glaser, it appears, was granted an extension to her original request for maternity leave, thereby extending it for a total of 33 months.

1163 (1959). And though "ordinarily the federal claims in abstention cases have been purely constitutional ones, the same policies are applicable where, as here, the federal claim is in part statutory." *Druker v. Sullivan,* 458 F.2d 1272, 1274 (1st Cir.1972).

■ In this case, if the Massachusetts Supreme Judicial Court finds that the base period earnings requirement violates the Massachusetts Equal Rights Amendment, it will not be necessary for this Court to decide plaintiffs' federal claims. This Court is reluctant to pass on the state claim for two reasons in particular. First, prior decisions of the Massachusetts courts interpreting the Equal Rights Amendment provide scant guidance for a decision by this Court. Second, the base period earnings requirement is part of a complex state regulatory system, and principles of comity and federalism dictate that state, not federal, courts make any necessary decisions under state law. *Cf. Colorado River Water Cons. Dist. v. United States,* 424 U.S. at 814, 96 S.Ct. at 1244; *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

The Rules of the Massachusetts Supreme Judicial Court allow this Court to certify to it questions of law "which may be determinative of [a] cause then pending." Rules, Massachusetts Supreme Judicial Court, 3:21, § 1. *See Clay v. Sun Insurance Office Ltd.,* 363 U.S. 207, 212, 80 S.Ct. 1222, 1225, 4 L.Ed.2d 1170 (1960). Accordingly, I certify the following question to the Massachusetts Supreme Judicial Court pursuant to Rule 3:21, § 1:

> M.G.L. c. 151A, § 24(1)(a) requires that an employee, to be eligible for unemployment benefits, must have earned thirty times her weekly unemployment benefit entitlement, but not less than $1,200, during the twelve months prior to the first day of the employee's benefit year. Plaintiffs in this action failed to earn the requisite amount because they took unpaid maternity leaves, as allowed under their employment contracts, during that twelve month period. Did the Department of Employment Security deny plaintiffs "[e]quality ... because of

[their] sex", Article 106 of Amendments to the Constitution of the Commonwealth, when it denied plaintiffs unemployment benefits because they had failed to meet the base period earnings requirement?